UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>DAVID LOVENBERG,<br><br>                Defendant. | Case No. 1:17-CR-00308-BLW<br><br>**REPORT AND RECOMMENDATION** |

On April 17, 2018, Defendant David Lovenberg appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 41). The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 15), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

By motion, Defendant sought release pending sentencing. (Motion to Reopen Detention Hearing, Dkt. 36.) By proffer, Defendant stated that he has an undiagnosed gastrointestinal problem, which he argued is an exceptional reason making his continued detention pending sentencing inappropriate. Defendant stated further within the motion that he wanted to be released to address financial matters, as well as spend some time with his children.

The Court previously held a detention hearing in this matter on October 23, 2017. At that time, the Court reviewed all factors in 18 U.S.C. § 3142(g) and concluded, based on the Pretrial Services Report and proffers, that Defendant did not rebut the presumption in Section 3142(e)(3)(A). The Court granted the Government's motion to detain and entered a Detention Order on October 23, 2017. (Dkt. 14.)

Defendant entered a plea of guilty to Count Four, Possession of Methamphetamine with Intent to Distribute. Because this is the type of offense described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

Defendant's medical issue, even when considered in combination with Defendant's desire to address personal financial matters and spend time with family, are not the sort of "truly unusual circumstances" that make continued detention pending

REPORT AND RECOMMENDATION - 2

sentencing inappropriate. *See U.S. v. Richard Has the Pipe*, WL 2265764 at *3 (D. Idaho June 4, 2010) (where hardships that commonly result from imprisonment do not meet the standard of exceptional circumstances). Further, as in this case, where there is no evidence of medically necessary treatment at the time of the hearing, Courts generally find that the staff of the local jail facility and the United States Marshal's office can arrange for medical care should it become necessary prior to sentencing. *Id.* at *4. Notably, even significant family responsibilities and a lengthy impending sentence are not exceptional reasons that deem detention pending sentencing inappropriate. *United States v. Carey*, WL 295381, at *5 (S.D. Cal. Jan. 27, 2014).

Upon consideration of the totality of the circumstances presented in this case, the standards of law, and the proffer of exceptional reasons why continued detention would not be appropriate –most specifically, the gastrointestinal issues– the Court found such exceptional reasons had not been shown. Therefore, the Court denied the motion for reopening the detention hearing and will recommend Defendant's detention pending sentencing be continued.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant David Lovenberg's plea of guilty to Count Four, the crime of Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) of the Indictment (Dkt. 15),

2) The District Court order forfeiture consistent with Defendant David

Lovenberg's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 15) and the Plea Agreement (Dkt. 41).

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count One, Two, and Three of the Indictment (Dkt. 15) as to Defendant.

4) The District Court continue Defendant's detention pending imposition of sentence pursuant to 18 U.S.C. § 3143(a)(2).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: April 17, 2018

_____
CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE