UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID LOVENBERG,<br><br>    Defendant. | Case No. 1:17-cr-308-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

The Court has before it a motion for compassionate release. The motion is fully briefed and at issue. For the reasons set forth below, the Court will deny the motion.

### FACTUAL BACKGROUND

In 2018, Lovenberg was sentenced to 180 months imprisonment for selling methamphetamine. When he was arrested, agents discovered over eleven pounds of methamphetamine in his residence. *See Recommendation (Dkt. No. 79)*. His criminal history contains four prior felony convictions – two of which were drug related – and several parole violations. *See Presentence Report (Dkt. No. 78)* at ¶¶ 36-46. In 2017, he admitted selling methamphetamine "every day for five years before he was caught in 2007" and "has now been selling methamphetamine again for 5 years." *Id.* at ¶ 11. His wife estimated that he was selling "possibly three pounds a week." *Id.* at ¶ 13.

Lovenberg will turn 42 in August of 2020. He tested positive for COVID-19 back in April of 2020, and has since recovered. *See Exhibit 3 (Dkt. No. 103-3)*. He has stomach problems but they have existed since 2004. *See Exhibit A (Dkt. No. 103-1)*.

Lovenberg has now filed a motion to reduce his sentence pursuant to the compassionate release statute, 18 U.S.C. § 3582(c). The Government objects to a compassionate release.

## LEGAL STANDARDS

In order to modify a sentence and grant compassionate release, a district court must engage in a three-step process. First, it must consider the 18 U.S.C. § 3553(a) factors. Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." See 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has determined that "extraordinary and compelling reasons" to release a defendant from BOP custody include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. See USSG § 1B1.13. Third, the Court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See 18 U.S.C. § 3582(c)(1)(A).

## ANALYSIS

Lovenberg has recovered from his COVID-19 infection. He is concerned about being re-infected as he has been diagnosed with high blood pressure. He has had

stomach problems but states that since his gall bladder was removed his condition has improved.

There are substantial concerns about the risks of COVID-19 in jails. But here, Lovenberg is a young man in good health. Even if there is a risk that he might be re-infected, he cannot be released if he poses a danger to the safety of the community. The Court finds that he does pose such a danger given his long criminal history of selling large quantities of methamphetamine, discussed above. If released, it is likely he will reoffend – the record contains no evidence whatsoever that he suffers from an illness or disability that would hinder him from returning to distributing large quantities of methamphetamine if he were released. Moreover, he has served less than 3 years of his 15 year sentence.

For these reasons, the Court will deny Lovenberg's motion.

## ORDER

In accordance with the Memorandum Decision set forth above

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reduce sentence (docket no. 99) is DENIED.

IT IS FURTHER ORDERED, that the Notice of Request for Hearing (docket no. 106) is DENIED.

**Memorandum Decision & Order – page 3**

DATED: June 19, 2020

B. Lynn Winmill
U.S. District Court Judge