UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID LOVENBERG,<br><br>Defendant. | Case No. 1:17-cr-00308-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant David Lovenberg's Motion for Compassionate Release. *See* Dkt. 108. This is the second time Lovenberg has moved for compassionate release. For the reasons explained below, the Court will once again deny the motion for compassionate release.

# BACKGROUND

In 2018, Lovenberg was sentenced to 180 months' imprisonment for selling methamphetamine. When he was arrested, agents discovered over eleven pounds of methamphetamine in his residence. *See Recommendation*, Dkt. 79. His criminal history includes four prior felony convictions – two of which were drug-related – and several parole violations. *See Presentence Report*, Dkt. 78, ¶¶ 36-46. In 2017, he admitted selling methamphetamine "every day for five years before he was

MEMORANDUM DECISION AND ORDER - 1

caught in 2007" and "has now been selling methamphetamine again for 5 years." *Id.* ¶ 11. His wife estimated that he was selling "possibly three pounds a week." *Id.* ¶ 13.

Lovenberg is currently incarcerated at Sheridan FCI, and his expected release date is November 15, 2030. Shortly after entering BOP custody, Lovenberg underwent a surgery that resolved longstanding stomach issues. *See Gvt. Ex. 1*. In April of 2020, Lovenberg tested positive for COVID-19, but he has since recovered. *See Exhibit* 3 (Dkt. No. 103-3) (It's also notable that in October 2023, Lovenberg refused a COVID-19 vaccination. *See Oct. 6, 2023 COVID-19 Vaccine Consent Form, Gvt. Ex. 1*, Dkt. 112-1.)

In May 2020—after he had recovered from COVID-19 but had served only around 2½ years of his 15-year sentence—Lovenberg filed his first motion for compassionate release. The Court denied it. *See June 19, 2020 Order,* Dkt. 107. A few years later, Lovenberg filed his second motion for compassionate release. *See* Dk. 108. This time, Lovenberg used a form motion that was likely prepared by another inmate.

## LEGAL STANDARD

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting

18 U.S.C. § 3582(b)) (cleaned up). Congress provided one such exception in 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) provides that a district court may modify a final sentence in some situations, which will be described further below. Before filing such a motion, however, defendants must exhaust their administrative remedies. *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). The court must then make three findings: (1) a reduced sentence is consistent with applicable policy statements issued by the U.S. Sentencing Commission; (2) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) favor relief; and (3) "extraordinary and compelling reasons" warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). If any one of these factors is not met, the court may deny relief. *Keller*, 2 F.4th at 1284. The defendant bears the burden of establishing these requirements by a preponderance. *See United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998); *Walton v. Arizona*, 497 U.S. 639, 650 (1990) (holding that a defendant's due process rights "are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency"), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).

The Sentencing Commission's policy statements at § 1B1.13 of the Sentencing Guidelines state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with

MEMORANDUM DECISION AND ORDER - 3

serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) any other circumstance or combination of circumstances that are "similar in gravity" to the four reasons just listed; or (6) a change in the law in cases where (a) the defendant received an "unusually long sentence," (b) the defendant has already served 10 years of that lengthy sentence; and (c) the change in the law would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. *See* U.S.S.G. § 1B1.13(b). As another court in this District recently noted, the catch-all clause at U.S.S.G. § 1B1.13(b)(5)—that is, the clause indicating that courts may find an extraordinary and compelling reason for other circumstances, or combination of circumstances, of similar gravity to those set forth in subsections (b)(1) through (4)—affords courts "significant leeway in defining precisely what qualifies as an extraordinary and compelling reason." *United States v. Schmidt*, No. 4:19-cr-00371-DCN, 2024 WL 1158331, at *2 (D. Idaho Mar. 18, 2024). The policy statements also provide that before a sentence may be reduced, the Court must find that the defendant is not a danger to the safety of any other person or to the community. *Id*. § 1B1.13(a)(2).

       Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions

MEMORANDUM DECISION AND ORDER - 4

brought by the Director of the Bureau of Prisons—and not those brought by defendants individually. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). District courts were free to consult the statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. Under recent amendments, however, § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy highlighted in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021) and to make U.S.S.G § 1B1.13 binding. *Accord Schmidt,* 2024 WL 115831, at *2.

## ANALYSIS

### A. Exhaustion of Administrative Remedies

The Court must first decide whether Lovenberg exhausted his administrative remedies. In his moving papers, Lovenberg included a form titled *Inmate Request to Staff,* which states: "I want to request 3582(c)(1)(A) reduction in sentence for : covid 19, medical circumstances, psychological circumstances, conditions of confinement, time served, family circumstances, [and] sentencing changes." *See Motion,* Dkt. 108-1. The lower part of that form—which is meant to be completed by the prison—is blank, and there is no evidence showing that this form was actually submitted to the Warden (such as a "Received" stamp, for example). But

in this case, the government did not reach out to the Warden to determine whether Lovenberg had actually submitted his individualized request. Under these circumstances, the Court will give Lovenberg the benefit of some very significant doubt and assume he exhausted his administrative remedies.

## B.  Extraordinary and Compelling Reasons

Turning to the merits, the Court must consider whether there are "extraordinary and compelling reasons" and whether a sentence reduction would be consistent with applicable policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Lovenberg's motion fails primarily because he hasn't provided anything concrete or particular to him in support of his motion. As noted above, Lovenberg is largely relying on a form motion—almost surely written by another inmate—which alleges problematic conditions at FCI Sheridan.[1] Other judges confronting similar form motions have summarily denied them, explaining that such a motion fails to address how the situation "impacted [the defendant] personally and instead describes the conditions of confinement more generally.'" *United States v. Eccles,* No. CR14-5290 BHS, 2024 WL 83493,

---

[1] The Court has been dealing with multiple nearly identical motions filed by individuals incarcerated at FCI Sheridan. *See, e.g., United States v. Belden*, No. 2:19-cr-00414-DCN (D. Idaho Feb. 5, 2024). As has been explained in other decisions, it appears that one FCI Sheridan inmate created a "fill-in-the-blank" style pleading that is being circulated and used by other inmates. *See, e.g., id; Schmidt*, 2024 WL 11548331, at *2-3.

at *4 (W.D. Wash. Jan. 8, 2024) (citing *United States v. Slaughter*, No. CR13-359RSL, 2023 WL 5609339 (W.D. Wash. Aug. 30, 2023)). This Court reaches the same conclusion—the form motion fails to establish extraordinary and compelling circumstances absent evidence specific to the movant. *Id.*

That said, in a supplement attached to the form motion, Lovenberg briefly outlines four separate reasons supporting his argument that an extraordinary and compelling reason exists. *See Supplement*, Dkt. 108-2. This part of the motion is specific to Lovenberg, so the Court will address each argument.

1.  **Criminal History—Marijuana Conviction**

Lovenberg first argues that he received three criminal history points for a previous conviction for "simple marijuana possession." *Id.* ¶ 1. He says that under recent amendments to the sentencing guidelines, this conviction shouldn't have counted, which, in turn, supports his contention that an extraordinary and compelling reason exists. But with certain exceptions not applicable here, a non-retroactive change to the guidelines does not constitute an extraordinary and compelling reason warranting a sentence reduction. *See* U.S.S.G. § 1B1.13(c) ("Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."). So the argument fails for

this reason alone. Moreover, the amendment would not have changed Lovenberg's criminal history calculation. The amendment simply clarifies that a downward departure *may* be warranted if a defendant received criminal history points for a marijuana possession charge without intent to distribute. *See* U.S.S.G. § 4A1.3 cmt. 3. Here, the Court would not have been persuaded to downwardly depart. Among other things, one of the charges indicates Lovenberg possessed both marijuana and methamphetamine. *See* PSR, Dkt. 78, ¶ 44. And the other indicates Lovenberg possessed more than three ounces of marijuana and that a drug-trafficking charge was dismissed in connection with that disposition. *Id.* ¶ 46. Under these circumstances, the Court would not have been persuaded to grant a downward departure to Lovenberg's criminal history category.

    2.    **Covid-19**

Defendant next argues that he suffers from "several documented covid-19 comorbidities, which were largely the subject of his last motion." *Supp.*, Dkt. 108-2 ¶ 2. The Court will deny this reason for the same reason it denied his earlier motion for compassionate release. In short, Lovenberg is relatively young and in relatively good health. Further, as the government points out, the risk to defendant can be adequately mitigated because BOP continues to offer Covid-19 vaccinations.

### 3. The First Step Act & Mandatory Minimums

The third reason listed in Lovenberg's assertion that his "mandatory minimum changed due to the First Step Act." *Supp.*, Dkt. 108-2, ¶ 3. This argument fails at the outset because Defendant's mandatory-minimum sentence did not change under the First Step Act. He would still be subject to a 10-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A).

### 4. Rehabilitation

Finally, Lovenberg argues that he has displayed "extraordinary" rehabilitation during the past six years in prison. Rehabilitation, standing alone, is not an extraordinary and compelling reason for purposes of the Sentencing Commission's policy statement. *See* U.S.S.G. § 1B1.13(d). "However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.* Here, although Lovenberg has certain made positive strides in prison, the Court is not persuaded that these efforts, considered in combination with any other circumstances raised in his motion, amount to an extraordinary and compelling reason warranting a sentence reduction.

## C. The § 3553(a) Factors

Finally, even if Lovenberg had established an extraordinary and compelling

MEMORANDUM DECISION AND ORDER - 9

reason, the factors set forth in 18 U.S.C. § 3553(a) weigh against his release. As the Court outlined in its earlier decision: Mr. Lovenberg poses a danger to the safety of the community given his long history of selling large quantities of methamphetamine. If released, he will likely reoffend. *See June 19, 2020 Order,* Dkt. 107. Over four years have passed since the Court issued this ruling, but the Court has once again considered the § 3553(a) factors and finds they do not balance any differently now than they did at the time of sentencing. Rather, the Court finds that the need for sentence to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, and to protect the public, weigh against release. Accordingly, the Court will deny the pending motion.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Compassionate Release (Dkt. 46) is **DENIED.**

DATED: November 22, 2024

B. Lynn Winmill
U.S. District Court Judge